UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARENCE KIRKLAND,

            Plaintiff,

-against-

JANET DiFIORE; JAMES BAVERO;
ANTHONY A. SCARPINO, JR.,

            Defendants.

20-CV-8972 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated his constitutional rights during his state-court criminal proceedings. By order dated January 26, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this complaint seeking $50 million in damages against Janet DiFiore, Chief Judge of the State of New York, but in her former capacity as a Supreme Court Justice in the Westchester County Supreme Court; James Bavero, Assistant District Attorney (ADA) for the Westchester County District Attorney's Office; and Anthony A. Scarpino Jr., District Attorney for Westchester County. Plaintiff's complaint is difficult to understand, but on December 14, 2020, he submitted a supplemental filing with a transcript of his September 1, 2017 sentencing hearing before Justice Ann Minihan, which provides more detailed information concerning the events giving rise to his claims. (ECF No. 3.) The Court will treat the complaint and the supplemental filing (ECF Nos. 2, 3) together as the operative complaint for this action.

The following facts are taken from the complaint and supplemental filing: after Plaintiff, then 18 years old, pleaded guilty to rape in the second degree for engaging in sexual intercourse with a person who was 14 years old, he was sentenced on April 7, 2003, by then-Justice DiFiore. At the time, his statutory rape conviction was considered a nonviolent felony offense.

In 2015, Plaintiff was arrested on charges of criminal sale of a controlled substance. On July 13, 2016, a jury convicted Plaintiff in the Westchester County Supreme Court of two counts of criminal sale of a controlled substance in the third degree. At the time the drug offense was committed, in February 2015, the New York State Legislature had reclassified a statutory rape conviction as a violent felony conviction.

At the sentencing hearing on September 1, 2017, after considering arguments presented by Plaintiff's counsel and ADA Bavero, Justice Minihan concluded, for purposes of a sentencing enhancement, that Plaintiff's 2003 statutory rape conviction qualified as a violent felony, and she treated it as a predicate violent felony conviction. Justice Minihan then sentenced Plaintiff as a second felony offender to six years' incarceration on each count of the drug offenses, to run concurrently, and one and a half years' post-release supervision.

Plaintiff asserts that Justice Minihan was "very bias" and imposed an "illegal" sentence although he was a first-time offender. (ECF 2, at 5.) She also violated his rights by using a "false" parole violation against him and taking almost a year and two months after his guilty plea to sentence him. (*Id.*)

In the supplemental filing, Plaintiff asserts that he also brings this action against the Westchester County District Attorney's Office; Jeffrey Chartier, the ADA from the statutory rape case; and Jeanine Pirro, then-District Attorney at the time of the statutory rape case.

**DISCUSSION**

The Court construes the complaint as asserting constitutional claims under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.     Claims against then-Justice DiFiore**

Plaintiff's claims against then-Justice DiFiore, for presiding over his state-court statutory rape case, are barred under the doctrine of judicial immunity. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Here, Plaintiff does not allege any facts against Justice DiFiore, but he appears to name her as a defendant for actions she took while presiding over his state-court criminal proceedings, which resulted in his 2003 statutory rape conviction.[1] Any such conduct was well within the scope of Justice DiFiore's judicial duties, and she is therefore immune from suit under the doctrine of judicial immunity.[2] Accordingly, the Court dismisses Plaintiff's claims against

---

[1] Plaintiff does not name Justice Minihan as a defendant in this action. But he previously sued her for the same alleged violations in two cases before this Court. *See Kirkland v. Minihan*, ECF 1:20-CV-8973, 4 (S.D.N.Y. Nov. 13, 2020); *Kirkland v. New York State Div. of Parole*, ECF 1:20-CV-8606, 6 (S.D.N.Y. Nov. 13, 2020). The Court held in those cases that she is entitled to judicial immunity.

[2] Plaintiff's claims against Justice DiFiore are also untimely. The statute of limitations for claims under § 1983 is found in the "general or residual [state] statute [of limitations] for

4

Justice DiFiore under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].")

**B.    Claims against the prosecutors**

Plaintiff also seeks damages against the Assistant District Attorneys involved in both of his state-court criminal proceedings – James Bavero and Jeffrey Chartier; and against the individuals who were serving as the Westchester County District Attorneys at the time of his convictions – Anthony Scarpino Jr. and Jeanine Pirro.[3] But prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

---

personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, that period is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). Claims under § 1983 generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Justice DiFiore sentenced Plaintiff in 2003 for the statutory rape conviction. He brings this action more than 17 years later.

[3] Plaintiff also indicates in the supplemental pleading that he would like to sue the Westchester County District Attorney's Office. But the District Attorney's Office is not a "person" for purposes of § 1983, and thus, cannot be a proper defendant in this action. *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Here, Plaintiff's claims against the prosecutors are based on actions within the scope of their official duties and associated with the conduct of a trial. Plaintiff's claims against Bavero, Chartier, Scarpino, and Pirro are therefore dismissed because he seeks monetary relief against defendants who are immune from suit. 28 U.S.C. § 1915(e)(2)(b)(iii). Moreover, a claim against a prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process." *Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011). These claims are therefore also dismissed as frivolous.

**C.     Claims for damages for the allegedly unlawful conviction and sentence**

Plaintiff's assertions amount to a challenge to the validity of his 2017 Westchester County conviction and sentence. He contends that the 2003 statutory rape conviction should not have been used as a predicate violent felony conviction and he should not have been sentenced as a second felony offender. But any claims for damages or equitable relief arising out of a conviction are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has explained:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]").

Because success on Plaintiff's claims would necessarily imply the invalidity of his 2017 conviction – and he does not assert that his conviction has been overturned or otherwise invalidated – *Heck*'s favorable termination rule bars the § 1983 claims for damages and equitable relief. *See Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under § 1983."). The Court must therefore dismiss Plaintiff's § 1983 claim that he was wrongfully sentenced as a second felony offender for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**E.     Warning to Plaintiff**

In less than a month, from October 13 to November 2, 2020, Plaintiff filed four actions, including this case, seeking damages for alleged violations stemming from his two state-court criminal proceedings. These actions involved duplicative claims and parties and have been dismissed as frivolous, for seeking monetary relief from immune defendants, or for failure to state a claim. *See Kirkland v. Bauer*, ECF 1:20-CV-9282, 4 (S.D.N.Y. Dec. 3, 2020) (sued Legal Aid attorneys who represented him in the statutory rape case; action dismissed for failure to state a claim); *Kirkland v. Minihan*, ECF 1:20-CV-8973, 4 (S.D.N.Y. Nov. 13, 2020) (sued judges involved in the drug case, which resulted in the 2017 second felony offender sentence; action dismissed as frivolous, for seeking monetary relief from immune defendants, and for failure to

state a claim); *Kirkland v. New York State Div. of Parole*, ECF 1:20-CV-8606, 4 (S.D.N.Y. Nov. 13, 2020) (sued the Division of Parole, parole officers, judges, prosecutors, and defense attorneys for actions taken in the two-state court criminal cases; action dismissed for seeking monetary relief from immune defendants and for failure to state a claim).

Plaintiff is warned that further duplicative or frivolous litigation in this Court may result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court consolidates Plaintiff's complaint and supplemental filing (ECF Nos. 2, 3) and treats them together as the operative complaint.

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). The Clerk of Court is further instructed to terminate all other pending matters in this case.

SO ORDERED.

Dated: February 9, 2021
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.